In a brief in support of an application for rehearing, counsel for defendant indicate that they interpret our opinion as holding that any person who is injured while standing or walking on any part of any shoulder of any road is within the provisions of such a policy as is here sued on.
We were careful to say that it is not our intention to hold that any part of such an adjoining portion of a road must always be considered as a part of the highway for the purpose of determining whether the spot at which the insured is struck is within the contemplation of such a policy.
Asevedo was on a shelled portion of the shoulder which was maintained as a connecting link between the paved portion of the highway, the side road which connects with the highway, and the entrance to a nearby filling station and to a nearby beer parlor.
In Rudd v. Great Eastern Casualty Indemnity Co., 114 Minn. 512, 131 N.W. 633, 634, 34 L.R.A., N.S., 1205, Ann.Cas. 1912C, 606, there was involved a policy very similar to the one sued on here. It provided coverage to the insured if injured "while walking on a public highway * * *." It was provided that the policy did not cover injuries sustained while on the roadbed or bridge of any railroad. The insured was killed while using a platform at a railroad depot which was used by the public in travelling between two streets. The Court held that there should be recovery under the policy saying that the provision in the policy which required that the insured be "walking on a public highway" is not limited in its contemplation to legally laid out or dedicated public highways and that it might "reasonably refer to any walk or way where the public are accustomed to travel for certain purposes." That is all that we say here. The point at which Asevedo was struck was certainly to a limited extent a part of the public highway.
The rehearing is refused. *Page 489